## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, <br><br> 201 Maryland Avenue, NE <br> Washington, DC  20002 <br><br>    Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF STATE, <br><br> The Executive Office <br> Office of the Legal Adviser, Suite 5.600 <br> 600 19th Street NW <br> Washington DC 20522 <br><br>    Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:17-cv-1991 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARTAORY
## AND INJUNCTIVE RELIEF

Plaintiff American Center for Law and Justice ("ACLJ"), by and through counsel, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure of Defendant, the United States Department of State ("DOS"), to respond to Plaintiff's FOIA request within the statutorily prescribed time period, and seeking the disclosure and release of agency records improperly withheld by Defendant. In support thereof, Plaintiff alleges and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA, and Plaintiff has exhausted its administrative remedies.

1

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

3. This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

4. This Court has authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5. Plaintiff, with offices at 201 Maryland Avenue, N.E., Washington, DC 20002, is a not-for-profit 501(c)(3) organization dedicated to the defense of constitutional liberties secured by law. Plaintiff's mission is to educate, promulgate, conciliate, and where necessary, litigate, to ensure that those rights are protected under the law. Plaintiff also regularly monitors governmental activity with respect to governmental accountability. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its dedication to the rule of law and public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

6. Defendant is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 2201 C Street, N.W., Washington, DC 20520. Defendant is in control and possession of the records sought by Plaintiff.

## FACTUAL ALLEGATIONS

7. On August 14, 2017, Plaintiff issued Defendant a FOIA request and summarized its request as follows:

> [T]his Request seeks records pertaining to any and all requests former U.S. Ambassador Samantha Power ("Ambassador Samantha Power") made to National Security Agency ("NSA") officials or personnel regarding the "unmasking" of the

names and/or any other personal identifying information of then-candidate and/or President-elect Donald J. Trump, his family, staff, transition team members, and/or advisors who were incidentally caught up in U.S. electronic surveillance.

Pl.'s FOIA Request, Ex. A., at 1. Plaintiff's FOIA Request is hereby incorporated as if fully set forth herein.

8. "Pursuant to State Department FOIA regulation 22 C.F.R. § 171.4(b)," Plaintiff set forth a "[b]ackground address[ing] 'the subject, timeframe, names of any individuals involved, a contract number (if applicable), and reasons why the requester believes the Department may have records on the subject of the request.'" Pl.'s Ex. A, 1-3 (quoting 22 C.F.R. § 171.4(b)). Said Background is hereby incorporated as if fully set forth herein.

9. Plaintiff identified, in its FOIA request, the specific records it seeks. Pl.'s Ex. A, at 3-11.

10. In its FOIA request, Plaintiff specified that the term "record" includes "any information" that qualifies under 5 U.S.C. § 552(f), and provided a non-exhaustive list of types of information to be included in the terms "record." *See* Pl.'s Ex. A, at 3.

11. Plaintiff further specified in its FOIA request the applicable definitions of the terms "briefing," and "DOS official." *See* Pl.'s Ex. A, at 3.

12. Plaintiff specified in its FOIA request that "the timeframe of records requested herein is January 20, 2016 to January 20, 2017." Pl.'s Ex. A, 8.

13. In its FOIA request, Plaintiff requested that the Defendant support all denials by reference to specific FOIA exemptions and provide any judicially required explanatory information, including but not limited to, a Vaughn Index. Pl.'s Ex. A, at 11.

14. In its FOIA request, Plaintiff asserted its entitlement to expedited processing and a waiver of all associated fees, as explained in a memorandum accompanying the request and

3

referenced therein, and reserved its right to appeal any agency withholding of records and/or any agency denial of Plaintiff's requests for expedited processing and a waiver of fees. Pl.'s Ex. A, at 11-12.

15. By letter dated August 22, 2017, attached hereto as Exhibit B and incorporated by reference as if fully set forth herein, Defendant acknowledged receipt of Plaintiff's FOIA request on August 16, 2017 and assigned Plaintiff's FOIA request Case Control Number F-2017-14553. Pl.'s Ex. B.

16. Defendant's August 22, 2017 letter also stated that Defendant "will begin the processing of your request based upon the information provided in your communication." Pl.'s Ex. B, 1. The letter did *not* include a date on which Defendant would provide an actual determination concerning Plaintiff's request. *Id*.

17. In this same letter, Defendant denied Plaintiff's request for expedited processing, and granted Plaintiff's request for a fee waiver. Pl.'s Ex. B, 1.

18. The Defendant's letter failed to "notify [Plaintiff] of [] a determination and the reasons therefor" in accordance with 5 U.S.C. § 552 (a)(6)(A)(i).

19. The Defendant's letter failed to inform Plaintiff of the scope of the documents that it will produce, as well as the scope of the documents that the Defendant plans to withhold under any FOIA exemptions.

20. In fact, Defendant's letter failed even to state any future intent to produce non-exempt responsive documents.

21. Following Defendant's letter of August 22, 2017, Plaintiff never received any further communication from Defendant regarding its FOIA request.

22. Defendant did not notify Plaintiff, within 20 days (excepting Saturdays, Sundays,

4

and legal public holidays) of receipt of Plaintiff's request, or anytime thereafter of Defendant's determination and the reasons therefor.

23. Defendant did not inform Plaintiff, within 20 days (excepting Saturdays, Sundays, and legal public holidays) of receipt of Plaintiff's request, or anytime thereafter, of the scope of the documents Defendant had determined it would produce.

24. Defendant did not inform Plaintiff, within 20 days (excepting Saturdays, Sundays, and legal public holidays) of receipt of Plaintiff's request, or anytime thereafter, of the scope of the documents Defendant had determined it would withhold under any FOIA exemptions.

25. Defendant did not inform Plaintiff, within 20 days (excepting Saturdays, Sunday, and legal public holidays) of receipt of Plaintiff's request, or anytime thereafter, of Plaintiff's right to seek assistance from Defendant's FOIA public liaison.

26. Defendant did not inform Plaintiff of any unusual circumstances requiring an extension of the 20-day time period referenced in the four preceding paragraphs.

27. This is not the first instance in which Plaintiff issued a FOIA request to this Defendant and, aside from Defendant's acknowledgment of receipt of Plaintiff's FOIA request and assignment of a control number thereto, received no further response from Defendant until after Plaintiff filed a lawsuit.

28. On or about May 12, 2016, Plaintiff issued a FOIA request seeking records from Defendant regarding a video of a daily press briefing that took place December 2, 2013. Just as in the current lawsuit, Defendant acknowledged receipt of Plaintiff's FOIA request and assigned a case control number on May 18, 2016, but never provided any further response to Plaintiff's FOIA request until after Plaintiff filed suit. *See* Complaint, *American Center for Law & Justice v. Dep't of State*, No. 1:16-cv-1355 (D.D.C. June 28, 2016), ECF No. 1.

29. After Plaintiff filed suit on June 28, 2016 in Civil Action No. 1:16-cv-1355, and almost immediately after the Court's entry of a minute order, Defendant notified Plaintiff and the Court that it had begun reviewing potentially responsive documents and estimated that all responsive documents could be produced by December 6, 2016. *See* Minute Entry, *American Center for Law & Justice v. Dep't of State*, No. 1:16-cv-1355 (D.D.C. Sep. 12, 2016); Joint Status Report, *American Center for Law & Justice v. Dep't of State*, No. 1:16-cv-1355 (D.D.C. Sep. 27, 2016), ECF No. 18.

30. On or about July 18, 2016, Plaintiff issued another FOIA request to Defendant regarding its actions to address or otherwise oppose the genocide committed by ISIS in Iraq and Syria. Just as in the current lawsuit, Defendant, while acknowledging receipt of Plaintiff's FOIA request on August 4, 2016, and assigning a case control number, never provided any further response to Plaintiff's FOIA request until after Plaintiff filed suit. *See* Complaint, *American Center for Law & Justice v. Dep't of State*, No. 1:16-cv-1751 (CKK) (D.D.C. Aug. 30, 2016), ECF No. 1; Answer ¶¶ 35-36, *American Center for Law & Justice v. Dep't of State*, No. 1:16-cv-1751 (D.D.C. Sep. 30, 2016), ECF No. 17 (admitting Defendant did not issue a determination responsive to Plaintiff's FOIA request).

31. After the filing of Plaintiff's suit on August 30, 2016 in Civil Action No. 1:16-cv-1751 and entry of an order by the Court on October 3, 2016 requiring the parties to meet and confer, Defendant agreed to begin producing documents on a rolling monthly basis, with the first production of responsive documents occurring on December 28, 2016. Joint Status Report, *American Center for Law & Justice v. Dep't of State*, No. 1:16-cv-1751 (D.D.C. Oct. 31, 2016), ECF No. 18.

32. On or about July 25, 2016, Plaintiff issued Defendant a FOIA request for records

6

pertaining to the grant funds awarded by the Defendant to OneVoice Israel and OneVoice Palestine, where said organizations campaigned to "take [Netanyahu] down" in the 2015 Israeli elections, seeking the election of "anybody but Bibi." Defendant, while acknowledging receipt of Plaintiff's FOIA request on July 18 2016, and assigning a case control number, never provided any further response to Plaintiff's FOIA request until after Plaintiff filed suit. *See* Complaint, *American Center for Law and Justice v. Dep't of State*, No, 16-cv-2516 (D.D.C. Dec. 26, 2016), ECF No. 1.

33. After the filing of Plaintiff's suit on December 26, 2016 in Civil Action No. 16-cv-2516 (D.D.C. Dec. 26, 2016) and entry of an order by the Court on June 27, 2017 requiring Defendant to begin processing a minimum of 400 pages per month, Defendant began producing documents on a rolling monthly basis.

34. On or about August 15, 2016, Plaintiff issued a FOIA request to Defendant requesting documents and records pertaining to certain emails obtained by Judicial Watch as part of a public records lawsuit involving interactions between the State Department and the Clinton Foundation. Just as in the current lawsuit, Defendant simply acknowledged receipt of Plaintiff's FOIA request and assigned a case control number by letter dated August 18, 2016. Defendant never responded to Plaintiff's FOIA request with a determination or a request for an extension, and/or never produced any responsive records until after Plaintiff filed suit. *See* Complaint, *American Center for Law & Justice v. Dep't of State*, No. 1:16-cv-1975 (EGS) (D.D.C. Oct. 5, 2016), ECF No. 1.

35. After Plaintiff filed suit on October 5, 2016 in Civil Action No. 16-cv-1975, and the Court entered an Order requiring the parties to file a joint scheduling order no later than January 7, 2017 addressing the anticipated date(s) for release of documents, Defendant,

remarkably, agreed to make its first production of responsive documents on January 19, 2017, and to provide monthly, rolling productions thereafter. *See* Standing FOIA Order, *American Center for Law & Justice v. Dep't of State*, No. 1:16-cv-1975 (D.D.C. December 7, 2016); Joint Status Report, *American Center for Law & Justice v. Dep't of State*, No. 1:16-cv-1975 (D.D.C. January 06, 2016), ECF No. 14.

36. In addition to the FOIA requests detailed above, which are currently the subject of pending lawsuits, Plaintiff has issued three (3) other FOIA requests to Defendant – all of which have gone unanswered by Defendant.

37. On or about December 16, 2016, Plaintiff issued a FOIA request to Defendant requesting certain records regarding the decision to accept a number of refugee applicants from Australia. As of the date of this Complaint, Defendant has failed to respond in any manner to Plaintiff's request.

38. On January 4, 2017, Plaintiff issued a FOIA request to Defendant requesting certain records regarding United Nations Security Council Resolution 2334. Just as in the present case, Defendant acknowledged receipt of Plaintiff's request and assigned a case control number by letter dated January 6, 2017. As of the date of this Complaint, Defendant has failed to provide any further response to Plaintiff's request.

39. On July 31, 2017, Plaintiff issued a FOIA request to Defendant requesting certain records regarding the removal of "genocide" from State Department speeches and documents regarding ISIS. Just as in the present case, Defendant acknowledged receipt of Plaintiff's request and assigned a case control number by letter dated August 9, 2017. As of the date of this Complaint, Defendant has failed to provide any further response to Plaintiff's request.

40. Defendant has a well-known public reputation for failing to timely respond to

FOIA requests.

41. In January 2016, the Office of Inspector General (OIG) issued a report entitled EVALUATION OF THE DEPARTMENT OF STATE'S FOIA PROCESSES FOR REQUESTS INVOLVING THE OFFICE OF THE SECRETARY ("2016 OIG Report"), in which OIG referenced a prior OIG Report from 2012 identifying numerous deficiencies within the State Department in responding to FOIA requests in a timely and lawful manner, including understaffing of employees assigned to processing FOIA requests, inconsistent monitoring and oversight by management, insufficient training of FOIA staff/employees, and inaccurate and incomplete searches.

42. In the 2016 OIG Report, OIG found, once again (four years after Defendant was first put on notice of these deficiencies) that Defendant's current FOIA processes remain woefully inadequate.

43. The 2016 OIG Report also noted that the Department's "rules do not require staff to notify requesters when processing [of a FOIA request] is delayed, even though this is mandated by law."

44. Defendant's practice of not properly searching for responsive documents, not providing proper notifications to FOIA requesters, and delaying FOIA responses for exorbitantly long periods has been applied to each FOIA request Plaintiff has submitted to Defendant, including the request that is the subject of this litigation.

45. Defendant recently admitted that it prioritizes processing of FOIA requests in litigation.

46. As to each of the FOIA requests issued by Plaintiff, Defendant has failed to comply with its FOIA obligations unless compelled to do so by a federal court (*i.e*. unless Plaintiff files a lawsuit).

## CAUSES OF ACTION

### COUNT I
### Violation of the Freedom of Information Act

47. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully stated herein.

48. The federal FOIA establishes a 20-day deadline by which a federal agency must make and issue a determination regarding compliance with a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(i).

49. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) days, excepting Saturdays, Sundays, and legal public holidays. Pursuant to this same provision, Defendant also was required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.

50. Plaintiff sent its FOIA request to Defendant's Office of Information Programs and Services, the component designated by Defendant to receive FOIA requests directed to Defendant, and Plaintiff's FOIA request was received by that component on August 16, 2017.

51. Pursuant to 5 U.S.C. § 552(a)(6)(A), the 20-day period commenced on August 17, 2017. Excluding weekends and legal public holidays, Defendant was required to make its determination and provide Plaintiff with the requisite notifications by September 14, 2017.

52. As of the date of filing of this Complaint, Defendant has failed to notify Plaintiff of any determination about whether and/or to what extent Defendant will comply with Plaintiff's FOIA request or the reasons for any such determination.

53. As of the date of filing of this Complaint, Defendant has failed to produce any

10

records responsive to Plaintiff's request, indicate when any responsive records will be produced, or demonstrate that responsive records are exempt from production.

54. Defendant requested no information from the Plaintiff that would toll the 20-day period as contemplated by 5 U.S.C. § 552(a)(6)(A)(i)(I).

55. FOIA permits a federal agency, in unusual circumstances, to extend the 20-day response deadline for a period not to exceed ten (10) additional working days. 5 U.S.C. § 552(a)(6)(B).

56. Defendant did not, either in its letter of August 22, 2017, or at any other time during the applicable 20-day time period, assert the existence of "unusual circumstances." Pl.'s Ex. B. As such, Defendant has not implicated the tolling provision set forth in 5 U.S.C. § 552(a)(6)(B)(i).

57. There are no "unusual circumstances" that justify Defendant's prolonged delay in responding to Plaintiff's lawful FOIA request.

58. Plaintiff has a statutory right to have Defendant process its FOIA request in a timely manner and in accordance with the requirements set forth in 5 U.S.C. § 552(a)(6).

59. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

60. FOIA provides a cause of action for a complainant from whom a federal agency has improperly withheld requested records. 5 U.S.C. § 552(a)(4)(B).

61. Through its continued delay in responding to Plaintiff's lawful request for records, and its improper withholding of such requested records, Defendant has failed to comply with FOIA's prescribed deadlines for responding to a request for records and has violated Plaintiff's statutory rights.

62. Pursuant to 5 U.S.C. § 552(a)(6)(C), because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request.

63. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## COUNT II

### Impermissible Pattern, Practice and/or Policy of Violating The Freedom of Information Act

64. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully stated herein.

65. Defendant has adopted and is engaged in a pattern, practice and/or policy of violating FOIA's procedural requirements when processing Plaintiff's FOIA requests by intentionally delaying issuance of any determination, producing any documents and/or responding in any manner required under 5 U.S.C. § 552(a)(6) unless and until Plaintiff files suit.

66. Defendant's repeated unreasonable delays and refusals to issue a determination and/or produce non-exempt documents, even when expedited processing is granted, violates the intent and purpose of the FOIA.

67. Defendant's actions have resulted, and will continue to result, in the untimely access to information to which Plaintiff is entitled, and the production of stale information that is of little value and, yet, more costly than fresh information ought to be. *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988).

68. Defendant has demonstrated, through relatively expedient productions of

documents once Plaintiff files suit, that it can respond to Plaintiff's FOIA request, but that it will do so only after a lawsuit is filed and, thus, for Plaintiff, suing is more expedient than waiting.

69. Defendant's conduct in failing to respond to Plaintiff's seven (7) FOIA requests in a manner required by the FOIA – regardless of the time allotted for Defendant to respond – demonstrates that no time would be sufficient for Defendant to comply with FOIA, and that, unless and until Plaintiff files suit, Defendant will not respond appropriately to Plaintiff's FOIA requests.

70. Defendant has confirmed as much, admitting that it prioritizes FOIA requests once a lawsuit is filed.

71. Defendant's failure to respond in a manner required under FOIA until after Plaintiff files a lawsuit is not a mistake or isolated incident.

72. In this case, just as in the *four* other FOIA cases Plaintiff has filed against this Defendant, Plaintiff's FOIA request went unanswered and Defendant refused to respond in any manner required by FOIA within the deadline(s) mandated by FOIA or at any time thereafter. Only after Plaintiff filed suit in each case did Defendant agree to process Plaintiff's request and produce responsive, non-exempt documents.

73. Defendant's impermissible pattern, practice and/or policy of refusing to issue a determination and/or produce responsive documents unless and until Plaintiff files suit warrants declaratory and injunctive relief under *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988); *see also Muttitt v. United States Cent. Command*, 813 F. Supp. 2d 221, 229-31 (D.D.C. 2011).

74. Defendant's pattern, practice and/or policy of unlawful conduct in violation of the FOIA's clear requirements is likely to recur absent intervention by this Court.

75. Defendant's impermissible pattern, practice and/or policy has impaired, and will continue to impair Plaintiff ACLJ's lawful access to information in the future.

76. Defendant's impermissible pattern, practice and/or policy exists, whether formal or informal in nature.

77. The FOIA imposes no limits on courts' equitable powers in enforcing the statute's terms, and this Court should exercise its equitable powers to compel Defendant to comply with the clear requirements of the FOIA and prevent it from continuing to apply its unlawful FOIA pattern, practice and/or policy.

## PRAYER FOR RELIEF

78. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant, and provide Plaintiff with the following relief:

   (a) An Order that Defendant shall conduct a diligent search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed reasonable search methods most technologically likely to lead to the discovery of records responsive to Plaintiff's FOIA request, selected from among those methods available to Defendant;

   (b) An Order enjoining Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

   (c) An Order that Defendant produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records, or portions thereof, withheld under claim of exemption;

   (d) A Declaration that Defendant's actions violated Plaintiff's statutory rights under 5 U.S.C. § 552;

   (e) Relief pursuant to this Court's equitable powers, as recognized in *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 D.C. Cir. 1988) (citing *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 19-20 (1974)), including a Declaration that Defendant has implemented an impermissible practice/policy of untimely and noncompliant responses to FOIA requests and an Order enjoining Defendant from continuing to implement that pattern, practice and/or policy;

 (f) An Order awarding to Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

 (g) An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.

Dated: September 27, 2017    Respectfully submitted,

THE AMERICAN CENTER FOR LAW AND JUSTICE

JAY ALAN SEKULOW
 (D.C. Bar No. 496335)
STUART J. ROTH (D.C. Bar No. 475937)
/s/ Abigail A. Southerland
ABIGAIL A. SOUTHERLAND
 (TN. Bar. No. 26608)
BENJAMIN P. SISNEY
 (D.C. Bar No. 044721)
CARLY F. GAMMILL
 (D.C. Bar No. 982663)
201 Maryland Avenue, N.E.
Washington, D.C.  20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: asoutherland@aclj.org
*Counsel for Plaintiff*